No. 2918.—MARTIN FARRELL *v.* THOMAS O'NEIL—GILBERT LYMAN, Surety—Mrs. GILBERT LYMAN, Opponent.

A judgment that has been regularly obtained by the wife against her husband can not be contested or inquired into collaterally by a creditor of the husband whose claim only arose after it was rendered. 10 An., 564.

The burden of proof falls on the creditor who alleges that a judgment in favor of the wife and against her husband is simulated.

APPEAL from Fifth District Court, parish of Orleans. *Leaumont, J. Hornor & Benedict,* for plaintiff and appellant. *Rogers & Blanc,* for defendants and appellees.

WYLY, J. The plaintiff, having judgment against Gilbert Lyman, the surety on the release bond of the defendant, Thomas O'Neil, caused execution to issue and the property in dispute in this case to be seized as the property of said surety. Thereupon, Mrs. Lyman sued out a writ of injunction, claiming to be the owner of the property by virtue of an act of giving in payment made to her by her husband in satisfaction of a judgment she had against him.

The plaintiff moved to quash this injunction. The rule was dismissed, the case tried and judgment was rendered in favor of Mrs. Lyman, decreeing her to be the owner of the property seized by the plaintiff, and perpetuating her injunction.

From this judgment the plaintiff has appealed.

In his pleadings the plaintiff urges that both the judgment of Mrs. Lyman against her husband and the act of giving in payment, in satisfaction thereof, were simulated, fraudulent and collusive, and were had merely for the purpose of concealing his property from the pursuit of his creditors. In argument, however, plaintiff's counsel appears to rely upon the charge of simulation.

On the other hand, the opponent, Mrs. Lyman, contends that her judgment can not be attacked collaterally, and that the plaintiff can not contest the validity of her judgment, which was obtained before the existence of his claim.

In support of his position the plaintiff has introduced the evidence upon which Mrs. Lyman's judgment against her husband was obtained.

We think the correctness of that judgment or the sufficiency of the evidence upon which it was rendered can not be inquired into by the plaintiff, whose claim arose subsequent to its rendition.

The case of Dingrave v. Norwood, sheriff, et al., 10 An., 564, bears a striking analogy to the one before us, and it was there held that the creditors of the husband can not contest the validity of a judgment right acquired before the existence of their own claim.

As to the charge of simulation, it was incumbent on the plaintiff to prove it, and this he has failed to do.

The case of Levistones v. Brady, 11 An., 695, cited by the plaintiff, does not conflict with the view we have taken of this case. Here, we think the judgment upon its face valid; there, it appeared to have been based upon the admissions of the husband, and the court held that the rule we have mentioned must apply to a case ostensibly valid.

Judgment affirmed.